UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMTAB MANUFACTURING CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 11 C 2692 |
| SICO INCORPORATED and SICO AMERICA, INC., | ) ) ) ) | Judge John W. Darrah |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff AmTab Manufacturing Corporation's ("AmTab") Motion for Reconsideration of this Court's March 29, 2012 claim-construction order (the "Order"). *See AmTab Mfg. Corp. v. SICO Inc.*, No. 11-cv-2692, 2012 WL 1080482, at *1 (Mar. 29, 2012). The Court held a claims-constructing hearing, which included the argument of counsel for each party and the submissions of written summations by each party, on January 19, 2012.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that a court may revise an interlocutory ruling "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). A motion for reconsideration of an interlocutory order, so long as not unreasonably delayed, is governed by the same standard as a motion to alter or amend a judgment under Rule 59(e). *See Morningware, Inc. v. Hearthware Home Prods., Inc.*, No. 09-cv-4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011).

A motion to reconsider is proper when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A motion for reconsideration "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chicago School Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000). The Federal Circuit has stated that "[d]istrict courts may engage in a rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves." *Jack Guttman, Inc. v. Kopykake Enters., Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002).

## ANALYSIS

In the Order, the Court construed certain elements of claims 1 and 4 of the '113 Patent. AmTab seeks reconsideration of the Court's construction of two limitations of claim 1: "(a) an elongate seat post having a substantially uniform cross section mating with the support mount" and "(b) an at least substantially vertical extent of the seat post having a noncircular cylindrical surface."

*"An elongate seat post having a substantially uniform cross section mating with the support mount"*

AmTab argues that "the Court clearly misapprehended the thrust and intended meaning of AmTab's argument that 'substantially uniform cross section' means a cross

2

section that is sufficiently uniform to readily serve as an elongate leg of a tubular table frame." (Mot. at 11.)

In its claim-construction brief, AmTab advanced the following construction of this limitation:

> A long and thin seat post having an unvarying or nearly unvarying cross-section. 'Nearly unvarying cross section' means a cross section that is sufficiently unvarying to permit the seat post to readily function as an elongate leg of a tubular frame

(Order at 5.) In its Motion for Reconsideration, AmTab now advances a different construction:

> A long and thin seat post having an unvarying or nearly unvarying cross-section, where 'nearly unvarying cross section' means a cross section having no greater variation than readily permitted in a tubular leg of a tubular table frame, the seat post mating with the support mount

(Mot. at 2.)

Despite the new proposed construction, AmTab makes primarily the same arguments it made when the Court first considered this claim-construction dispute. AmTab previously argued that the construction should use the phrase "sufficiently unvarying." Now, AmTab has substituted the phrase "having no great variation." But the Court has previously held that the use of "sufficiently unvarying" does not have support in the claim language. (Order at 6-7.) Simply substituting the phrase "having no great variation" does not provide a basis for reconsideration. The remainder of AmTab's prior and current construction is substantially the same in that they refer to an "elongate leg" or "tubular leg" of a "tubular table frame." The Order explained why AmTab's original construction was contrary to the prosecution history. (*See id.* at 8-9.)

3

AmTab has not shown that the Court "patently misunderstood" its argument. Nor has AmTab presented any arguments demonstrating that the Court made an error of apprehension. The Court has previously considered AmTab's positions and respectfully disagreed with them. (*See* Order at 5-8.) *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments.").

*"An at least substantially vertical extent of the seat post having a noncircular cylindrical surface"*

AmTab argues that "[t]he Court misapprehended the meaning of the phrase 'an at least substantially vertical extent of,' essentially reading the phrase out of claim 1." (Mot. at 3.) AmTab now advances a new construction of the limitation. In its claim-construction brief, AmTab advanced the following construction of this limitation: "An end portion of the seat post that has an at least substantially vertical axis and that is sufficient for mating with the support mount includes a noncircular cylindrical surface." (Order at 10.) In its Motion for Reconsideration, AmTab now advances a different construction: "A portion of the seat post that is vertical or nearly vertical including a noncircular cylindrical surface." (Mot. at 2.)

AmTab re-argues the meaning of "extent," setting forth arguments substantially similar to those previously presented in the claim-construction dispute. (Dkt. No. 38 at 13-14.) AmTab argues the Court erred in stating that "at least" modifies "extent." (Mot. at 4.) But AmTab interprets the Order in a vacuum. The Court's analysis was first focused on deriving the plain and ordinary meaning of the word "extent" and then applying that meaning in the context of the phrase "an at least substantially vertical

4

extent." (Order at 10-11.) Contrary to AmTab's position, AmTab has not demonstrated an error in apprehension that provides a basis for reconsideration.

Similarly, AmTab's remaining arguments in favor of reconsideration have previously been presented to the Court during the claim-construction dispute. AmTab argues that the Court misapprehended the meaning of "an." AmTab has already made this argument. (Dkt. No. 38 at 14.)

Next, AmTab argues that the Court "reads 'an at least substantially vertical extent of' out of claim 1." This argument has no merit as the Order clearly gives meaning to the terms chosen by AmTab in the patent. AmTab's disagreement with the Court's Order is not a basis for reconsideration. *See, e.g., Valero Energy Corp. v. U.S.*, No. 06 C 6730, 2008 WL 4104367, at *2 (N.D. Ill. Aug. 26, 2008) (noting that a Rule 59 motion "is not the appropriate mechanism for a party to express its disagreement, no matter how vehement, with a court's ruling."); *Index Futures Group, Inc. v. Schmidt*, No. 92 C 4353, 1997 WL 187321, at *1 (N.D. Ill. Apr. 11, 1997) ("Nor is it appropriate to file a Rule 59(e) motion simply because a party disagrees with a court's earlier decision."). Next, AmTab argues that the Court misapprehended the term "having." AmTab made this argument in its claim-construction brief. (Dkt No. 38 at 15.) After carefully considering AmTab's position, the Court disagreed with it and explained why. (Order at 12.) In sum, AmTab has presented no arguments demonstrating that reconsideration is proper.

## CONCLUSION

AmTab's Motion for Reconsideration [52] is denied.

Date: 8-13-12

JOHN W. DARRAH
United States District Court Judge